UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAREN SPENCER,

                Plaintiff,

                                              DECISION AND ORDER

                                              09-CV-6351L

                v.

HOLLEY CENTRAL SCHOOL DISTRICT,
SUPERVISOR JEFF HALSTEAD,
DISTRICT SUPERINTENDENT ROBERT C. D'ANGELO,

                Defendants.

_____


        Plaintiff, Karen Spencer ("plaintiff"), brings this action against her former employer, the

Holley Central School District (the "District"), her former supervisor, Jeff Halstead, and District

Superintendent Robert C. D'Angelo. Plaintiff purports to assert causes of action for gender-based

employment discrimination and retaliation in violation of the New York State Human Rights Law,

N.Y. Exec. Law §§ 290 et seq., and deprivation of her First Amendment constitutional right to free

speech and Fourteenth Amendment right to equal protection, pursuant to 42 U.S.C. §1983.

        Pending before the Court is defendant's motion to dismiss pursuant to FED. R. CIV. PROC.

12(b)(6) (Dkt. #5), on the grounds that plaintiff has failed to allege any plausible claims.

### I.       Plaintiff's Fourteenth Amendment Equal Protection Claim

        In order to set forth a claim for violation of her Fourteenth Amendment right to equal

protection, a plaintiff must allege: (1) that she was treated differently from others who were similarly

situated; and (2) that the differential treatment was motivated by discriminatory animus, to punish or inhibit her exercise of constitutional rights, or with a malicious and bad faith intent to cause injury. *See Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004); *Dorcely v. Wyandanch Union Free School Dist.*, 665 F. Supp. 2d 178, 194 (E.D.N.Y. 2009). "To be 'similarly situated,' the individuals with whom [plaintiff] attempts to compare herself must be similarly situated in all material respects." *Shumway v. United Parcel Serv.*, 118 F.3d 60, 64 (2d Cir. 1997). Specifically, plaintiff must demonstrate that her "similar" coworkers were subject to the same performance evaluation and discipline standards, and that they engaged in comparable conduct. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000); *Norville v. Staten Island Univ. Hospital*, 196 F.3d 89, 96 (2d Cir. 1999).

Here, plaintiff generally alleges that she was treated differently from two male bus drivers employed by the District, who were allegedly involved in bus accidents, as she was, but who were not subjected to termination, as she was. (Dkt. #3 at ¶66). She further alleges that Supervisor Halstead and Superintendent D'Angelo were non-responsive and deliberately indifferent when she complained to them about discriminatory and/or retaliatory treatment by Halstead and other coworkers. (Dkt. #3 at ¶¶42, 48).

Initially, the District argues that plaintiff's allegations are insufficient to plausibly suggest that she is similarly situated to the two male bus drivers mentioned in the Complaint. To be sure, plaintiff's allegations are sparse and lacking most of the relevant details, such as specifics of the other bus drivers' positions, the timing and nature of the accidents in which they were involved, the extent to which they were at fault, whether they underwent Article 75 hearings, and what findings

and/or discipline, if any, resulted. While plaintiff's allegation that she is similarly situated to these two other bus drivers is poorly drafted, confusingly pleaded, and borderline insufficient, I do conclude that plaintiff has managed, albeit barely, to allege that she is similarly situated to them, and moreover to state an equal protection claim against the District. I also note that plaintiff has alleged the requisite deliberate indifference sufficient to state an equal protection claim against the individual defendants. *See e.g.*, *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1997).

Accordingly, the motion to dismiss plaintiff's equal protection claim is denied at present.

**II.      Plaintiff's First Amendment Free Speech Claim**

In order to state a First Amendment retaliation claim, plaintiff must allege that: (1) she engaged in speech that was constitutionally protected; (2) she suffered an adverse employment action; and (2) there existed a causal connection between the protected speech and the adverse employment action, such that it could be inferred that the speech was a "motivating factor" in the employment action. *See Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 152 (2d Cir. 2006); *Morris v. Linda*, 196 F.3d 102, 109 (2d Cir. 1996). Speech that is "constitutionally protected" is that which takes place when one speaks, in the capacity of citizen, about a matter of public concern – that is, a matter of political, social or other concern to the community at large, as opposed to a personal matter. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006). Thus, when a public employee makes a statement pursuant to his official duties, or one that relates solely to individual personnel matters rather than items of public concern, a First Amendment retaliation claim will not lie. *See Garcetti*, 547 U.S. 410; *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001).

Here, plaintiff alleges only that she complained to former District Superintendent Kermis that she was being sexually harassed by her former Supervisor, Gene Michaels, and that her subsequent supervisor, defendant Halstead, along with other coworkers,"retaliated" against her because they believed that her complaint had caused Michaels' resignation. Thus, plaintiff is not really alleging that the District retaliated against her for speaking out against sexual harassment: rather, she is alleging that certain of her *coworkers* and a supervisor retaliated against her because they believed she was responsible for bringing about Michaels' resignation. To the extent plaintiff's exercise of First Amendment speech "caused" the subsequent harassment, the relationship is indirect, at best. Even if plaintiff's speech were viewed as a direct catalyst for the complained-of conduct rather than an indirect one, plaintiff makes no allegation that she was retaliated against for speaking out about a matter of public concern, rather than a very specific, personnel matter relating solely to her. As such, she has failed to allege that she engaged in speech protected by the First Amendment, and her First Amendment-based claim of retaliation must be dismissed.

### III.  Plaintiff's State Law Claims

Pursuant to N.Y. Education Law, a claimant seeking to initiate an action against a school district and/or school district employee under the N.Y. Human Rights Law must serve a Notice of Claim on the district within three months of the complained-of action. N.Y. Educ. Law §3913(1). Compliance with this requirement is a condition precedent to a lawsuit and must be pleaded and proved. *See Grennan v. Nassau County*, 2007 U.S. Dist. LEXIS 23087 at *53-*55 (E.D.N.Y. 2007).

Plaintiff concedes that she never served a Notice of Claim upon the District at any point. Although plaintiff generally contends that she is acting for both public and private interest, she has

not sought permanent injunctive relief or monetary damages on behalf of anyone similarly situated, and thus her characterization of her claims as serving a public interest are unconvincing.  In light of her failure to comply with N.Y. Educ. Law  §3913,  plaintiff's claims arising under the New York Human Rights Law must be dismissed.[1]

## IV.     Plaintiff's Section 1983 *Monell* Claims Against the District

In her first and second causes of action, plaintiff generally seeks to hold the District liable for the individual defendants' denial of her constitutional rights.  It is well settled that Section 1983 liability on the part of a municipal defendant cannot be premised upon a theory of *respondeat superior*. *See generally Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).  Rather, in order for liability to attach to the municipality, plaintiff must show that the alleged violation of her rights arose "from a municipal custom or policy." *Id*.

In opposing the defendants' motion to dismiss, plaintiff contends that she has validly stated a *Monell* claim, because the District and its decision makers fostered an unconstitutional policy of discrimination, and showed deliberate indifference to the constitutional deprivations that were inflicted on plaintiff by her supervisor and coworkers.  Plaintiff's complaint, however, does not make such pointed allegations.  It states only that plaintiff complained about sexual harassment to Superintendent Kermis (who acted immediately to secure the resignation of the harasser), and later complained about purported retaliation by Supervisor Halstead and other coworkers to Superintendent D'Angelo, who did not act to address her concerns.  Plaintiff now suggests that these

---

[1]  In any event, plaintiff's state law claims for workplace discrimination by the District and its employees – asserted for the first time three years after the termination of her employment – are likely barred by the one-year statute of limitations set forth in N.Y. Educ. Law §3813(2-b).

facts, in combination with the District Board of Education's later decision to terminate plaintiff's employment, demonstrates that the Board "ratified" Superintendent D'Angelo's purported inaction when it voted to terminate plaintiff's employment.

Adopting plaintiff's characterization of the Board's action as a "ratification" of the Superintendent's conduct requires a tortured and illogical interpretation of the facts alleged by plaintiff. In deciding to terminate the plaintiff's employment, the Board was acting on the recommendation of the Article 75 hearing officer, not Superintendent D'Angelo (Dkt. #3 at ¶59), and plaintiff does not allege that her prior complaints of sexual harassment, or her later complaints of retaliation, played any part in the Board's decision to terminate her employment. Indeed, plaintiff pleads no factual basis upon which any knowledge of plaintiff's complaints to either Superintendent could be imputed to the Board. In short, plaintiff does not sufficiently allege that the District pursued, enforced, condoned or ratified any discriminatory policy that might render it liable for the individual defendants' conduct. Accordingly, to the extent plaintiff has attempted to state Section 1983 "*Monell*" claims against the District, they must be dismissed.

### V. Plaintiff's Demand for an Award of Punitive Damages Against the District

In her complaint, plaintiff requests, among other things, an award of punitive damages. Punitive damages are not recoverable, however, against school districts in the absence of a public referendum affirming the alleged unconstitutional policy. *See Pierce v. Sullivan West Central School District*, 379 F.3d 56, 58 n. 3 (2d Cir. 2004). Accordingly, plaintiff's demand for punitive damages must be stricken as against the District.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (Dkt. #5) is granted in part and denied in part. Plaintiff's second, third and fourth causes of action, along with her demand for punitive damages against the District, are hereby dismissed, with prejudice. Plaintiff's first cause of action for violation of her right to equal protection, as asserted against all of the defendants, is her only surviving claim.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 31, 2010.