UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN SPENCER,

                                    Plaintiff,

                                                                DECISION AND ORDER

                                                                09-CV-6351L

                    v.

HOLLEY CENTRAL SCHOOL DISTRICT,
SUPERVISOR JEFF HELSDON, also known
as Jeff Halstead,
DISTRICT SUPERINTENDENT
ROBERT C. D'ANGELO,

                                    Defendant.
_____

        Plaintiff, Karen Spencer ("plaintiff" or "Spencer"), was formerly employed by the Holley

Central School District ("District" or "defendant") as a school bus driver.  On December 5, 2005,

Spencer was involved in an accident while she was driving a school bus loaded with students on their

way home from school.  Spencer rear-ended another school bus which had stopped to discharge

passengers.  The School District pursued disciplinary actions and eventually Spencer was granted

a hearing pursuant to § 75 of the New York Civil Service Law.  An independent hearing officer was

selected who took testimony and later authored a report finding Spencer to have been at fault for the

accident, and recommended that Spencer be terminated from employment.

        The report was presented to the Board, which adopted the hearing officer's findings and

voted to terminate Spencer's employment with the District.  Spencer failed to appeal from either the

hearing officer's determination or the Board's decision adopting the report and recommendations.

Thereafter, Spencer commenced this action against the Holley Central School District, her former supervisor Jeff Helsdon, and District Superintendent Robert C. D'Angelo. Plaintiff asserted several different causes of action.

The defendants duly moved to dismiss the complaint and by decision and order (Dkt. #12) filed August 31, 2010, this Court granted the motion in part and dismissed plaintiff's second, third and fourth causes of action along with her demand for punitive damages. The only claim remaining was Spencer's first cause of action alleging a violation of equal protection. Familiarity with that decision is assumed.

The parties engaged in a period of discovery and, thereafter, defendants filed the pending motions including a motion for summary judgment (Dkt. #34) and a motion for sanctions (Dkt. #33) against Spencer and her counsel pursuant to 28 U.S.C. § 1927. Both sides have submitted legal memoranda and affidavits relative to both motions.

Upon review, defendants' motion for summary judgment is granted and the complaint dismissed. As a matter of discretion, I decline to impose sanctions and deny defendants' motion for sanctions (Dkt. #33).

First of all, this Court was troubled as to whether Spencer had even properly pleaded the Equal Protection claim. In the Court's decision (Dkt. #12) granting the defendant's motion to dismiss, in part, the Court noted that the claim, though poorly drafted, confusingly pleaded, and borderline insufficient, nonetheless, met  -- albeit barely -- the pleading standard. Now, of course, the parties are well beyond the pleading stage and Spencer must do more than rely on pleadings.

The matter is before the Court on summary judgment, and thus the issue  is whether there are any genuine issues of material fact. If not, the Court may rule as a matter of law on the motion. The Court must determine if there is sufficient evidence such that a jury could reasonably find for the plaintiff. Plaintiff must rely on more than pleadings or conclusory allegations. *See Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir. 1996).

Defendants have moved for judgment claiming that plaintiff has failed to meet the test for the denial of equal protection based on gender discrimination. Defendants claim first that Spencer cannot make a *prima facie* case because, based on the findings of the hearing officer, Spencer is not qualified for the position of school bus driver. I agree. But, equally persuasive is defendants' argument that there is no proof upon which a jury might determine that Spencer's termination was caused under circumstances giving rise to an inference of discrimination. The facts of the matter are simple and straightforward: Spencer was involved in an accident, and it was determined that she was at fault and that she failed to take responsibility for it. Such a charge against a person driving a school bus is serious indeed. Spencer was given the appropriate hearing to which she was entitled as a municipal employee. After that process, rulings were made against her. She declined to challenge or appeal either those findings or the ultimate determination by the School Board to terminate her employment.

Based on the submissions to the Court and a review of Spencer's deposition, it appears that Spencer has conceded that she had no direct evidence that either defendant Helsdon or D'Angelo engaged in any form of gender-based discrimination against her. Furthermore, it is clear then that the School District had a legitimate non-discriminatory reason for taking action against Spencer. In addition, there is no proof that either defendant Helsdon or D'Angelo made the decision to terminate Spencer. That decision was made by the School District's Board alone. In fact, defendant Helsdon was not even employed by the District when the Board made the decision to terminate Spencer's employment.

Spencer has also failed to establish what this Court indicated she needed to establish on an Equal Protection claim. In sum, plaintiff has failed to establish or provide credible evidence for a jury to consider concerning whether she was truly similarly situated to other individuals, and whether she was treated any differently. The proof seems uncontradicted that Spencer has produced no evidence that other bus drivers were "similarly situated." At her deposition, Spencer admitted that no male bus driver was involved in a factually similar accident while on the job during either of the

defendants' employment with the District.  It appears that the accident involving plaintiff was the *only* accident that occurred while defendant Helsdon was employed by the District.  Therefore, although Spencer may have adequately pleaded an Equal Protection claim, I find that she has failed to bring forth evidence upon which a jury could find that she was denied equal protection under the circumstances of her case.  She has failed to establish others were similarly situated, and she has failed to introduce evidence upon which a juror could find otherwise or that the reason for her termination was pretextual.

Although the discipline imposed could have been different, the matter was certainly serious and the District was well within its authority to accept the report of the hearing examiner and impose the discipline of termination.

Concerning defendants' motion for sanctions, I do recognize that plaintiff's counsel has been sanctioned on numerous occasions by Judges of this Court.  Sanctions are clearly not warranted just because a complaint is dismissed.  The standard under 28 U.S.C. § 1927 is rigorous.  Although plaintiff's counsel's arguments were without merit, such a finding does not necessarily warrant sanctions.  The purpose of § 1927 is to impose discipline where an attorney has multiplied proceedings or proceeded in an unreasonable and vexatious manner which constitutes acting in bad faith or engaging in intentional misconduct.  I am not convinced, based on what has proceeded so far in this action, that imposition of sanctions against plaintiff's counsel is warranted.  Therefore, I decline to do so at this time.

Spencer raises other issues concerning claims and grievances she had against another female bus driver and other matters which are irrelevant in light of the undisputed facts that Spencer was involved in a serious accident and was sanctioned for it after an independent hearing.  None of the extraneous matters complained-of erode the conclusions that the School District took the action it believed was appropriate, and that there is no evidence that Helsdon, who is not even employed by the District, or D'Angelo, took any adverse action against plaintiff.

CONCLUSION

Defendants' motion for summary judgment as to plaintiff's first cause of action (Dkt. #33) is granted, and the complaint is dismissed, with prejudice.

Defendants' motion for sanctions (Dkt. #34) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 29, 2012.